**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4322-19

TAMARA HORUN,

    Petitioner-Appellant,

v.

BOARD OF TRUSTEES, PUBLIC
EMPLOYEES' RETIREMENT
SYSTEM,

    Respondent-Respondent.

_____

Argued December 9, 2021 – Decided December 20, 2021

Before Judges Haas and Mawla.

On appeal from the Board of Trustees of the Public Employees' Retirement System, Department of Treasury, PERS No. x-xxxx655.

Samuel M. Gaylord argued the cause for appellant (Gaylord Popp, LLC, attorneys; Samuel M. Gaylord, on the brief).

Matthew Melton, Deputy Attorney General, argued the cause for respondent (Andrew J. Bruck, Acting Attorney General, attorney; Sookie Bae-Park, Assistant

Attorney General, of counsel; Matthew Melton, on the brief).

PER CURIAM

Appellant Tamara Horun appeals from the June 18, 2020 final determination of the Board of Trustees of the Public Employees' Retirement System (Board) denying her application for ordinary disability retirement benefits under N.J.S.A. 43:15A-42. We affirm.

In 2012, appellant began working as a charge nurse at the Hunterdon Developmental Center (Hunterdon). Appellant claimed she experienced back and neck pain throughout her employment. In February 2015, Hunterdon assigned new duties to appellant which required her to change offices. Shortly thereafter, appellant left her job on unpaid leave. Two years later, she applied for ordinary disability retirement benefits.

On February 23, 2018, the Board informed appellant her application was denied because she was not totally and permanently disabled. Appellant filed an administrative appeal and the Board referred the matter to the Office of Administrative Law for a hearing before an Administrative Law Judge (ALJ).

At the hearing, appellant's orthopedic expert, Dr. Arthur Becan, testified appellant could not perform the duties of a charge nurse due to cervical disc bulges, herniated discs, and other chronic sprains and impairments in her back,

shoulders, and knees. However, Becan based his diagnoses on MRIs from 2011 and 2013 even though MRIs from 2015 and 2016 did not show the conditions Becan believed were disabling appellant. Becan also failed to review a 2015 CT scan that did not show any herniation in appellant's discs and a report prepared by Dr. Christopher Castro, who examined appellant in 2016 and found she could return to work "full-time" for "full-duty." Becan's findings were also inconsistent with those Dr. Vito Loguidice set forth in a 2016 report, where Loguidice found appellant was able to return to work.

The Board's orthopedic expert, Dr. Jeffrey Lakin, examined appellant and found no objective evidence to support a finding of total and permanent disability. Lakin testified that although appellant complained of pain in her left leg and lower back, she had excellent range of motion and her motor and sensory functions were all intact. According to Lakin, the two most recent MRIs showed some "right sided pathology[,]" which did not correlate with appellant's subjective complaints of pain in her left side. Lakin also reviewed Castro's and Loguidice's reports and agreed with their determination that appellant was not disabled.

The ALJ issued an initial decision concluding that Lakin's testimony was more persuasive than Becan's testimony. The ALJ wrote:

3

In matters such as this, often the case comes down to conflicting expert testimony. The undersigned must decide which expert offered the more credible opinion. In the instant matter, that expert must be Dr. Lakin.

Dr. Lakin testified in a straightforward, direct, and professional manner. More importantly, he based his opinion upon his physical examination of [appellant] and his review of all of [appellant's] medical records. Importantly, Dr. Lakin reviewed records that [appellant's] expert, Dr. Becan, did not review, records from Dr. Castro. Dr. Lakin's opinion was more in comport with [appellant's] medical records.

Dr. Becan diagnosed [appellant] with cervical spine conditions based upon outdated MRI reports from 2011 and 2013, when more recent MRIs were available. Nonetheless, Dr. Becan admitted that the 2015 and 2016 MRIs do not correlate with [appellant's] left-sided symptoms. He did not review the report of Dr. Castro, one of [appellant's] physicians. He also did not review a CT scan from 2015.

I must defer to Dr. Lakin as the more credible expert witness.

Accordingly, the ALJ concluded the Board "properly denied [appellant's] application for ordinary disability retirement benefits." The Board thereafter adopted the ALJ's findings of fact and conclusions of law as its final decision.

On appeal, appellant asserts the Board should have disregarded Lakin's opinions in favor of those presented by her expert. She also argues the evidence supported her claim of total and permanent disability. We disagree.

4

"Our review of administrative agency action is limited." Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (citing In re Herrmann, 192 N.J. 19, 27 (2007)). "An administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Ibid. (quoting Herrmann, 192 N.J. at 27-28). Our review of an agency's decision is limited to considering:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [In re Proposed Quest Acad. Charter Sch. of Montclair Founders Grp., 216 N.J. 370, 385-86 (2013) (quoting Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)).]

It is not our place to second-guess or substitute our judgment for that of the agency and, therefore, we do not "engage in an independent assessment of the evidence as if [we] were the court of first instance." In re Taylor, 158 N.J. 644, 656 (1999) (quoting State v. Locurto, 157 N.J. 463, 471 (1999)). With regard to expert witnesses, we rely upon the ALJ's "acceptance of the credibility of the expert's testimony and the [judge's] fact-findings based thereon, noting

that the [judge] is better positioned to evaluate the witness'[s] credibility, qualifications, and the weight to be accorded [to his or] her testimony." In re Guardianship of D.M.H., 161 N.J. 365, 382 (1999) (citing Bonnco Petrol, Inc. v. Epstein, 115 N.J. 599, 607 (1989)).

We are required to affirm an agency's findings of fact if "supported by adequate, substantial and credible evidence . . . ." Taylor, 158 N.J. at 656-57 (quoting Rova Farms Resort, Inc. v. Inv's. Ins. Co., 65 N.J. 474, 484 (1974)). Moreover, if we are "satisfied after [our] review that the evidence and the inferences to be drawn therefrom support the agency head's decision, then [we] must affirm even if [we] feel[] that [we] would have reached a different result . . . ." Clowes v. Terminix Int'l, Inc., 109 N.J. 575, 588 (1988).

N.J.S.A. 43:15A-42 provides that a Public Employees' Retirement System member is eligible for ordinary disability retirement benefits if he or she is "physically or mentally incapacitated for the performance of a duty and should be retired." The member must establish "that he or she has a disabling condition and must produce expert evidence to sustain this burden." Bueno v. Bd. of Trs., Tchrs.' Pension & Annuity Fund, 404 N.J. Super. 119, 126 (App. Div. 2008) (citing Patterson v. Bd. of Trs., State Police Ret. Sys., 194 N.J. 29, 50-51 (2008)). The applicant must also show that the disabling condition is total and

permanent. See Patterson, 194 N.J. at 43; Bueno, 404 N.J. Super. at 124. In addition, "[t]o qualify for disability retirement, a member must be unable to perform his or her regular and assigned duties due to a permanently disabling medical condition present at the time the member separates from service, as a result of which disabling condition the member should be retired." N.J.A.C. 17:2-6.1(f)(3).

Applying our highly deferential standard of review, we are satisfied the record amply supports the Board's determination that appellant failed to show she qualified for ordinary disability benefits pursuant to N.J.S.A. 43:15A-42. The Board adopted the ALJ's findings of fact, which were based on his assessment of the credibility of the expert testimony. We must give appropriate deference to the ALJ's and the Board's findings where, as here, those findings are based on sufficient credible evidence in the record. Taylor, 158 N.J. at 658-59.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION